### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CE DESIGN LTD., an Illinois Corporation,
Individually and as the representative of a class
of similarly-situated persons,

        Plaintiff,

v.

AERIAL MAPPING SERVICES, INC. and
THOMAS BERNS,

        Defendants.

FILED: JULY 30, 2008
08CV4318
JUDGE HART
No.:    MAGISTRATE JUDGE DENLOW
Judge:
Magistrate Judge
    PH

Notice of Removal from the Chancery
Division of Cook County, Illinois

COOK COUNTY CIRCUIT
COURT, CHANCERY DIVISION
Case No. 2008-CH-022320

### DEFENDANTS AERIAL MAPPING SERVICES' AND THOMAS BERNS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)

PLEASE TAKE NOTICE that Defendants, AERIAL MAPPING SERVICES, INC. and

THOMAS BERNS, by its attorneys, Linda E. Unger and Siobhán M. Murphy of Lewis Brisbois

Bisgaard & Smith LLP, hereby remove the case described below to the United States District Court

for the Northern District of Illinois.  The following grounds support removal:

### THE REMOVED SUIT

1.      On or about June 20, 2008, Plaintiff CE Design Ltd. filed a "Class Action Complaint"

consisting of three counts.  Count I is titled "Telephone Consumer Protection Act, 47 U.S.C. § 227."

Count II is titled "Conversion."  Count III is titled "Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/2."  The Complaint was assigned Case No. 2008-CH-022320 in the

Circuit Court of Cook County, Illinois, County Department, Chancery Division.  A true and correct

copy of the removed complaint is attached hereto as **Exhibit 1**.

2.      The first date upon which Defendants Aerial Mapping received a copy of this

Complaint was July 1, 2008, when Defendant Thomas Berns was personally served.  To date, no

service has been made to the corporation, Aerial Mapping Services, Inc.'s registered agent.

3.     This Notice of Removal is submitted within thirty days (30 days) after Defendant's first receipt of the Complaint and summons.  A true and correct copy of the summons, reciting the date of service is attached hereto as **Exhibit 2**.

## FEDERAL QUESTION JURISDICTION

4.     This matter is properly removable pursuant to 28 U.S.C. § 1441, 1446, based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Generally, "[a] case arises under federal law where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax. Bc. v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 8-9 (1983).  The Seventh Circuit, in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir., 2005), determined that class action claims brought under the Federal Telephone Consumer Protection Act ("TCPA") may be removed to federal court under Section 1441(a) because "a claim that a business violated the Telephone Consumer Protection Act arises under federal law." Id.; see also *id.* at 451 ("[R]emoval is authorized ... by § 1441, because the claim arises under federal law."). *See also CE Design, Ltd. v. Tomassone*, Case No. 07 C 5344, 2007 U.S. Dist. LEXIS 72190 (N.D. IL 2007)(Allowing removal of a TCPA suit based on federal question jurisdiction).

5.     Plaintiff was at the time of filing this Complaint, and still is, an Illinois Corporation and citizen of the State of Illinois, according to the allegations contained in its Complaint.

6.     Defendant Aerial Mapping was at the time Plaintiff filed this complaint, and still is, a dissolved Illinois Corporation and citizen of the State of Illinois.  Defendant Thomas Berns is a resident of the State of Illinois.

7.     As there is no diversity of citizenship here, Defendant does not base its Notice of Removal on the existence of diversity, nor is it based on the minimal diversity required for removal of class actions under the Class Action Fairness Act.

WHEREFORE, AERIAL MAPPING SERVICES, INC. and THOMAS BERNS, respectfully pray for removal of the above-captioned state court proceedings into and under the jurisdiction of this United States District Court for the Northern District of Illinois, Eastern Division and for such other relief as may be deemed just and proper.

Respectfully submitted,

AERIAL MAPPING SERVICES, INC. and
THOMAS BERNS

By: _____s/ Linda E. Unger_____
One of the Attorneys for Defendants

Linda E. Unger
Siobhán M. Murphy
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois  60661
312.345.1718 / Fax: 312.345.1778
Firm ID No. 41737

### Certificate of Service

The undersigned, an attorney, on oath, certifies that on  July 30, 2008, she caused to be served a copy of this Notice of Removal by placing the same in the U.S. mail at 550 West Adams Street, Chicago, Illinois, with proper postage prepaid, at or before the hour of 5:00 p.m., properly addressed to the persons named:

| | |
|---|---|
| Brian  J. Wanca | Phillip A. Bock |
| Anderson & Wanca | Bock & Hatch, LLC |
| 3701 Algonquin, Suite 760 | 134 N. LaSalle Street, Suite 1000 |
| Rolling Meadows, Illinois 60008 | Chicago, Illinois  60602 |
| 847-368-1500 / Fax:  847-368-1501 | 312.658.5500 / Fax:  312.658.5555 |
| bwanca@andersonwanca.com | phil@bockhatchllc.com |

s/ Linda E. Unger

Under penalties as provided by law pursuant to
735 ILCS 5/1-109, I certify that the statements
set forth herein are true and correct.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CE DESIGN LTD., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

                                            Plaintiff,

v.

AERIAL MAPPING SERVICES, INC. and
THOMAS BERNS,

                                            Defendants.

08CH    22320

## CLASS ACTION COMPLAINT

Plaintiff, CE DESIGN LTD. ("Plaintiff"), brings this action on behalf of itself and all

other persons similarly situated, through its attorneys, and except as to those allegations

pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendants, AERIAL MAPPING

SERVICES, INC. and THOMAS BERNS ("Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for



authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is an Illinois corporation with its principal place of business in Rolling Meadows, Cook County, Illinois.

10.     On information and belief, Defendant, AERIAL MAPPING SERVICES, INC., is an Illinois corporation. On information and belief, Defendant, THOMAS BERNS ("BERNS") is the president and shareholder. On information and belief, BERNS approved, authorized and participated in the scheme to broadcast advertisements by facsimile by: (a) directing a list to be

2

purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTS

11.    On or about February 10, 2005 Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendants to send fax advertisements.

13.    On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) with respect to

3

whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

      3.    <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

          (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

          (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

          (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

5

24.    Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendants.

27.    Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, AERIAL MAPPING SERVICES, INC. and THOMAS BERNS, jointly and severally, as follows:

6

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award $500.00 in damages for each violation of the TCPA;

C.   That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.   That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants, and (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31.   A class action is proper in that:

(a)   On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

7

   (i)  Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

   (ii)  The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

   (iii)  Whether Defendants committed the tort of conversion.

  32.  Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

  33.  A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

  34.  By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

  35.  Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

  36.  By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

8

37.    Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

39.    Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

40.    Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CB DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, AERIAL MAPPING SERVICES, INC. and THOMAS BERNS, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

9

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

<u>COUNT III</u>
<u>ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT</u>
<u>815 ILCS 505/2</u>

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

10

(ii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

47.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

11

48.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, AERIAL MAPPING SERVICES, INC. and THOMAS BERNS, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

12

Respectfully submitted,

CE DESIGN, LTD., individually and as the
representative of a class of similarly-situated
persons

By: _Brian J Wanca_ _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500

13

**EXHIBIT A**



# AERIAL MAPPING SERVICES, INC.

### PHOTOGRAMMETRIC MAPPING / AERIAL PHOTOGRAPHY

## TELEFAX TRANSMITTAL

### February 10, 2005

RE:  PHOTOGRAMMETRIC MAPPING SERVICES

Ladies and Gentlemen:

Aerial Mapping Services looks forward to seeing you at the upcoming Illinois Professional Land Surveyors Association 48th Annual Conference, February 16 through February 19, 2005. Aerial Mapping Services will be exhibiting at the conference. Please stop by our booth during the conference and visit with us.

Aerial Mapping Services wants to remind our clients that the spring aerial photography acquisition season ends in mid - April. After mid-April the ground in many areas is obscured by leafed out trees and other vegetation. Thus, if you need photogrammetric mapping services for your projects this fall, we suggest you immediately make arrangements for the acquisition of new aerial photography. Please contact us by phone, FAX or e-mail. Our e-mail address is ams@shout.net.

If you have a project that requires aerial photography, digital imagery or topographic mapping, please contact us for a "NO COST, NO OBLIGATION" quote for photogrammetric services. We look forward to helping you serve your clients.

Aerial Mapping Services' Turbocharged Cessna 206 Aerial Photography Aircraft is based at the University of Illinois Willard Airport in Savoy, Illinois, and is available for rapid acquisition of aerial photography in the Illinois, Indiana, Iowa and Wisconsin area. We offer a full line of photogrammetric services including aerial photography acquisition in color, black and white and infrared false color, Digital Terrain Model (DTM) Topographic Mapping, Digital Orthophotos, and Digital Mosaics. We can also provide Global Positioning System (GPS) control survey services to help you obtain the needed ground control in difficult terrain.

We appreciate this opportunity to be of service to you and look forward to hearing from you. If you have any questions or comments, please contact us at any time.

Sincerely,
AERIAL MAPPING SERVICES, INC.

Charles S. Denner, Jr. Vice President
Certified Photogrammetrist

CD:cd
Enclosure
IPLSA_2_2005.doc

405 EAST MAIN STREET • URBANA, IL 61802 • PHONE 217/328-3430 • FAX 217/328-3355

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

CE DESIGN LTD., an Illinois corporation, individually and as
the representative of a class of similarly-situtaed persons,

v.

AERIAL MAPPING SERVICES, INC. and

THOMAS BERNS

08CH      22320

No. _____

Serve:   Thomas Berns, President and
Aerial Mapping Services, Inc.
109 Whitehall Ct.
Urbana, IL  61801

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _802_____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL  60077 | Rolling Meadows, IL  60008 | Maywood, IL  60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL  60455 | Markham, IL  60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service.  If service cannot be made, this Summons shall
be returned so endorsed.  This Summons may not be served later than 30 days after its date.

Atty. No.: _51306_____

Name: _Brian J. Wanca @ Anderson+Wanca_

Atty. for: _Plaintiff_

Address: _3701 Algonquin Rd.  Suite 760_

City/State/Zip: _Rolling Meadows, IL  60008_

Telephone: _847/368-1500_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,  _____

DOROTHY BROWN   JUN 20 2008

_____
Clerk of Court

Date of service: _7-1-8____
(To be inserted by officer on copy
or other person)

EXHIBIT
2

(Area Code)   (Facsimile Telephone Nu

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Duplicate copy Sent To Mike R  7/1/08            December 34, 2007