IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CE DESIGN LTD., an Illinois Corporation, Individually and as the representative of a class Of similarly-situated persons,<br><br>   Plaintiff,<br> v.<br><br>AERIAL MAPPING SERVICES, INC. and THOMAS BERNS,<br><br>   Defendants. | No. 08 CV 4318<br>Judge William T. Hart<br>Magistrate Judge Denlow |

**DEFENDANTS AERIAL MAPPING SERVICES, INC.'S AND
THOMAS BERNS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants AERIAL MAPPING SERVICES, INC. and THOMAS BERNS by their attorney, LINDA E. UNGER, and for their answer and affirmative defenses to Plaintiff's Class Action Complaint, state as follows:

**PRELIMINARY STATEMENT**

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

**ANSWER:** Defendants deny the allegations contained within paragraph 1.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:** Defendants admit the existence of the TCPA but denies Plaintiff's characterization of the TCPA as contained in paragraph 2.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would

have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:** To the extent any of the statements contained within paragraph 3 contain allegations against these Defendants, they are denied.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:** Both Defendants admit Plaintiff brings this action asserting claims but denies that Plaintiffs have properly stated causes of action for the claims they purport to allege.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:** The Statement contained in paragraph 5 of Plaintiff's Complaint does not state an allegation and therefore it is neither admitted nor denied.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 512-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:** Defendants deny the allegations contained within paragraph 6.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq, because some of the tortious acts complained of occurred in Cook County, Illinois.

**ANSWER:** Defendants deny the allegations contained within paragraph 7.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and

fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive clan forms of damages and fees.

**ANSWER:**   Defendants deny the allegations contained within paragraph 8.

## PARTIES

9.    Plaintiff is an Illinois corporation with its principal place of business in Rolling Meadows, Cook County, Illinois,

**ANSWER:**   Defendants lack knowledge as to the truth of the allegations and therefore neither admit nor deny the same.

10.    On information and belief, Defendant, AERIAL MAPPING SERVICES, INC., is an Illinois corporation. On information and belief, Defendant, THOMAS BERNS ("BERNS") is the president and shareholder. On information and belief, BERNS approved, authorized and participated in the scheme to broadcast advertisements by facsimile by: (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

**ANSWER:**   Defendants deny the allegations contained within paragraph 10.

## FACTS

11.    On or about February 10, 2005 Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**   Defendants lack information regarding the truth of the allegations contained within paragraph 11 and therefore neither admit nor deny the same.

12.    Plaintiff had not invited or given permission to Defendants to send fax advertisements.

**ANSWER:**    Defendants deny the allegations contained within paragraph 12.

13.    On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**    Defendants deny the allegations contained within paragraph 13.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**    Defendants deny the allegations contained within paragraph 14.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**    Defendants restate and incorporate their answers to paragraphs 1 through 14 as though fully stated herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class or persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages o material advertising the commercial availability of any property, goods, in services by or on behalf of Defendants, and (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

**ANSWER:**    Defendants admit the existence of the Telephone Consumer Protection Act, but deny Plaintiff's characterization of that act and therefore deny the remaining allegations contained within paragraph 16.

17.    A class action is warranted because:

  (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

  (b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

   (i) Whether Defendants sent unsolicited fax advertisements;

   (ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

   (iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

   (iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

   (v) Whether Defendants violated the provisions of 47 USC § 227;

   (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

   (vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

   (viii) Whether the Court should award trebled damages.

**ANSWER:** Defendants deny the allegations contained within paragraph 17 including subparagraphs (a) and (b) (i) through (b) (viii).

  18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:** Defendants deny the allegations contained within paragraph 18.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** Defendants deny the allegations contained within paragraph 19.

20. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. § 227(b)(1).

**ANSWER:** The TCPA speaks for itself and Defendant denies the characterization of the statute as set forth in paragraph 20.

21, The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:** The TCPA speaks for itself and Defendant denies the characterization of the statute as set forth in paragraph 20.

22. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

**ANSWER:** The TCPA speaks for itself and Defendant denies the characterization of the statute as set forth in paragraph 20.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**ANSWER:**   The TCPA speaks for itself and Defendant denies the characterization of the statute as set forth in paragraph 20.

24.   Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**   Defendants deny the allegations contained within paragraph 24.

25.   The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**   Defendants state that the TCPA speaks for itself and denies the remaining allegations contained within paragraph 25.

26.   Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendants.

**ANSWER:**   Defendants deny the allegations contained within paragraph 26.

27.   Defendants' actions caused damages to Plaintiff and the other class members, receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER:**   Defendants deny the allegations contained within paragraph 27.

28.	Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:**	Defendants deny the allegations contained within paragraph 28.

WHEREFORE, Defendants Aerial Mapping Services, Inc. and Thomas Berns deny that Plaintiff is entitled to the relief against them whatsoever and prays judgment in their favor and for such other and further relief as the Court deems proper.

## COUNT II
## CONVERSION

29.	Plaintiff incorporates the preceding paragraphs as though fully set forth herein,

**ANSWER:**	Defendants restate and incorporate their answers to paragraphs 1 through 28 as though fully stated herein.

30.	In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants, and (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

**ANSWER:**	Defendants admit the existence of the stated statute, but deny Plaintiff's characterization of the statute and deny its applicability in this case.

31.	A class action is proper in that:

(a)	On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)	There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

>> (i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> (ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and
>
> (iii) Whether Defendants committed the tort of conversion.

**ANSWER:** Defendants deny the allegations contained in paragraph 31 including subparagraphs (a) through (b) (iii).

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER:** Defendants deny the allegations contained within paragraph 32.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** Defendants deny the allegations contained within paragraph 33.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants *also* converted Plaintiff's employees' time to Defendants' own use.

**ANSWER:** Defendants deny the allegations contained within paragraph 34.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

**ANSWER:**    Defendants deny the allegations contained within paragraph 35.

36.    By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

**ANSWER:**    Defendants deny the allegations contained within paragraph 36.

37.    Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

**ANSWER:**    Defendants deny the allegations contained within paragraph 37.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose, Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

**ANSWER:**    Defendants deny the allegations contained within paragraph 38.

39.    Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

**ANSWER:**    Defendants deny the allegations contained within paragraph 39.

40.    Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiffs business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiffs employees used

their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiffs business activities.

**ANSWER:**   Defendants deny the allegations contained within paragraph 40.

WHEREFORE, Defendants Aerial Mapping Services, Inc. and Thomas Berns deny that Plaintiff is entitled to the relief against them whatsoever and prays judgment in their favor and for such other and further relief as the Court deems proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2

41.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**   Defendants restate and reallege their answers to paragraphs 1 through 40 as though fully set forth herein.

42.   In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes.

**ANSWER:**   Defendants admit the existence of the statute but deny Plaintiff's characterization of said statute and deny its applicability in the present case.

43.   A class action is proper in that:

(a)   On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of alt members is impracticable.

  (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

    (i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    (ii) The manner and method' Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

    (iii) Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

    (iv) Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

    (v) Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

**ANSWER:** Defendants deny the allegations contained within paragraph 43 including subparagraphs (a) through (b) (v).

  44. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER:** Defendants deny the allegations contained within paragraph 44.

  45. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** Defendants deny the allegations contained within paragraph 45.

46. Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

**ANSWER:** Defendants deny the allegations contained within paragraph 46.

47. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

**ANSWER:** Defendants deny the allegations contained within paragraph 47.

48. Defendants' conduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

**ANSWER:** Defendants deny the allegations contained within paragraph 48.

49. Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result, Defendants' actions prevented Plaintiffs fax machine from being used for Plaintiffs business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiffs business activities.

**ANSWER:** Defendants deny the allegations contained within paragraph 49.

WHEREFORE, Defendants Aerial Mapping Services, Inc. and Thomas Berns deny that Plaintiff is entitled to the relief against them whatsoever and prays judgment in their favor and for such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

Defendants, on information and belief, assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Estoppel)

1. Plaintiff is estopped by reason of its own conduct, acts or omissions, to recover on any claims that it may have had against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver)

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

3. Plaintiff had a duty to take reasonable steps to mitigate and/or avoid its alleged damages. Plaintiff failed to do so, and therefore is barred in whole or in part from recovering damages in this case.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff comes into this Court with unclean hands, and under the circumstances of this case, such doctrine bars or limits any recovery against Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

5. Plaintiff, by its own actions and conduct, has failed to exercise reasonable care and diligence on its own behalf, thereby causing or contributing to its alleged injury and damages, if any.

Plaintiff's recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by its own acts and conduct.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

6.  Plaintiff, by its acts and conduct is barred from recovery under the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

7.  Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events and matters alleged in the Class Action Complaint and the damages, if any, incurred by Plaintiff, area the direct and proximate result of the risk so assumed.

### EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

8.  Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to all conduct surrounding the occurrences alleged in the Class Action Complaint.

### NINTH AFFIRMATIVE DEFENSE
### (Ratification)

9.  Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified all conduct surrounding the occurrences alleged in the Class Action Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

10. To the extent that Plaintiff's Class Action Complaint seeks statutory penalties of any kind, it violates the prohibition against "excessive fines" 'of the United States Constitution, Eighth Amendment, and therefore fails to state a claim upon which statutory penalties may be awarded.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Statute)

11.     Defendants' compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes their liability to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

12.     The conduct alleged by Plaintiff did not injure, harm or damage Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Invalid Assignment)

13.     Rights and causes of action arising under the Telephone Consumer Protection Act of 1991 ("TCPA") are not assignable. Any proposed or putative assignment of such rights and causes of action to Plaintiff are therefore invalid, and Plaintiff lacks standing to sue or recover thereon.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Technical Violations Not Enforceable)

14.     Violations of the technical requirements of the TCPA are not enforceable by private litigants, and Plaintiff lacks standing to sue or recover based thereon.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

15.     On information and belief, this lawsuit was filed in bad faith and/or for objectively frivolous reasons, thereby barring Plaintiff from recovering on any cause of action in the Class Action Complaint, and entitling Defendants to recover their costs of suit incurred herein, including reasonable attorneys' fees.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Illegality)

16.     On information and belief, this lawsuit arose as a result of illegal activity engaged in by Plaintiff, which illegal activity bars Plaintiff from recovering on any cause of action in the Class Action Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

17.     On information and belief, the Class Action Complaint and its alleged causes of action, and each of them, are barred because Plaintiff acquiesced to any conduct engaged in by Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

18.     On information and belief, the Class Action Complaint and its alleged cause of action are barred because the relief sought by Plaintiff would, if granted, unjustly enrich Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

19.     The actions of Defendants, respecting the subject matters alleged in the Class Action Complaint, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of engaging in and continuing its business.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the Class Action Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Acts of Third Parties – Causation)

20.     Plaintiff's damages, if any, were caused solely, directly and proximately by the acts or omissions of third parties, not by any acts or omissions by Defendants, its agents or employees. These other persons are solely responsible for any damages caused thereby.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Acts of Third Parties – Apportionment)

21. The acts and/or omissions of independent third parties contributed to the damages complained of in the Class Action Complaint, if any there be. Defendants are entitled to a judicial determination of fault of those third parties and to a reduction of damages, if any, awarded to Plaintiff in proportion to fault.

**WHEREFORE,** Defendants pray for judgment as follows:

1. That Plaintiff take nothing by its Class Action Complaint.

2. That Defendants be awarded all of their costs, including attorneys' fees incurred herein; and

3. That the Court award such other and further relief as it deems just and proper.

**Defendants demand a trial by jury.**

Dated: August 20, 2008

                                                                                           s/ Linda E. Unger
                                                One of the Attorneys for Defendants
                                                AERIAL MAPPING SERVICES, INC. and
                                                THOMAS BERNS

Linda E. Unger – ARDC 3125563
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718 / Fax: 312.345.1778